

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3553 | **DATE** | 6-7-2012 |
| **CASE TITLE** | Delmar P. Gray (#2012-0124124) v. Cook County, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is denied without prejudice to Plaintiff submitting a completed IFP application or pre-paying the $350 filing fee. Plaintiff's complaint is dismissed without prejudice to him submitting an amended complaint that states how the Defendants are involved with the claims he asserts and that he exhausted administrative remedies with respect to those claims. Plaintiff is given 30 days from the date of this order to comply. His failure to do so will result in the dismissal of this case.

■ **[For further details see text below.]** Docketing to mail notices.

## STATEMENT

Plaintiff Delmar P. Gray, incarcerated at the Cook County Jail, has filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 naming Cook County, Cook County Sheriff Tom Dart, and Superintendent Bratlin as Defendants. Plaintiff alleges that he broke his nose on April 1, 2012. He was seen by medical personnel at Cermak and treated shortly after his injury, but his requests for follow up visits and medical care for sinus issues were ignored by jail officers. The date on Plaintiff's *in forma pauperis* ("IFP") application indicates that he submitted his initiating pleadings for this suit on or around April 14, 2012. The Prison Litigation Reform Act requires an inmate to exhaust administrative remedies before he file a suit in this Court. *See* 42 U.S.C. § 1997e(a); *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005), citing *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 537 (7th Cir.1999). Although Plaintiff states that he filed grievances, (*see* Compl. at 3), the complaint noentheless indicates that Plaintiff could not have exhausted administrative remedies with respect to his claims that requests for follow-up treatment for sinus issues. *See Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002) (a court may dismiss a suit on preliminary review if it is clear from its face that an affirmative defense, such as failure to exhaust, applies).

Additionally, Plaintiff names Cook County, its sheriff, and a jail officer as Defendants, but does not state how they were involved. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) ( with respect to a § 1983 defendant sued in his individual capacity, a plaintiff must demonstrate how the defendant was personally involved in the constitutional violations alleged; with respect to a municipality, a § 1983 plaintiff must demonstrate that an unconstitutional custom or policy of the municipality caused him injury).

As to Plaintiff's IFP application, the application is incomplete, as it includes neither a completed certificate from an authorized officer nor a copy of his trust fund account for the six months prior to filing this suit. Under the Prison Litigation Reform Act ("PLRA"), an inmate must pay the full filing fee, which currently is $350. If he is unable to prepay the fee, he may seek to proceed IFP to pay the fee in monthly deductions from his prison trust fund account. If an inmate seeks to proceed IFP, he must submit a completed application on this

**(continued)**

| | isk |
|---|---|

**STATEMENT (continued)**

court's form so that the court may determine if he is a pauper and assess an initial partial filing fee. The IFP application must include both a certificate from an authorized officer and "a certified copy of the trust fund account statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Accordingly, the instant IFP motion is denied without prejudice to Plaintiff either submitting a completed application or pre-paying the $350 filing fee. Plaintiff is given 30 days from the date of this order to comply. His failure to do so will result in the summary dismissal of this case. N.D. Ill. Local Rule 3.3(e).

Accordingly, to proceed with this case, Plaintiff must both either pre-pay the filing fee or submit a completed IFP application and submit an amended complaint that states how each defendant was involved with the constitutional violations alleged and that demonstrates that he exhausted administrative remedies for those claims. Plaintiff's failure to comply with order will result in the dismissal of this case.